UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATEVILLE DISVISION
Civil Action No.: 5:25-cv-00112

| | |
|---|---|
| CARL ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **AMENDED COMPLAINT and** |
| | ) **DEMAND FOR JURY TRIAL** |
| NIHON KOHDEN AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

1. This action seeks to redress wrongs caused by Defendant Nihon Kohden America, LLC ("Nihon Kohden") when it terminated Plaintiff Carl Arnold ("Arnold") because of his age and forced him to retire from his employment to avoid paying him earned and owed commissions in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34, and in violation of North Carolina public policy as set forth in the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.* Nihon Kohden also breached its employment contract with Arnold and breached its duty of good faith and fair dealing by terminating his employment so that outstanding commissions would not be considered "earned" under Arnold's compensation plan.

## THE PARTIES

2. Arnold is an adult individual who is a resident of Mooresville, North Carolina.

3. Defendant is a foreign limited liability company formed under the laws of California with its principal place of business located at 15353 Barranca Parkway, Irvine, California 92618.

## JURISDICTION AND VENUE

4.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought for unlawful discrimination under the ADEA.

5.  Arnold's claims for (1) wrongful discharge in violation of North Carolina public policy, (2) breach of contract, and (3) breach of the implied covenant of good faith and fair dealing are based on the common law of the State of North Carolina. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same common nucleus of operative facts as Arnold's ADEA claim.

6.  This Court has personal jurisdiction because Nihon Kohden conducts substantial business operations in Iredell County, North Carolina, which is located within this judicial district.

7.  Venue is proper in this judicial district because Nihon Kohden has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Iredell County, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

8.  Nihon Kohden is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year as defined in 29 U.S.C. § 630(b).

9.  At all times relevant to this action, Arnold was an "employee" of Nihon Kohden as defined in 29 U.S.C. § 630(f).

10. Arnold satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age. On April 23, 2022, the

EEOC issued a Notice of Suit Rights and Arnold timely brings this action within ninety (90) days of his receipt thereof.

## FACTUAL ALLEGATIONS

11. Nihon Kohden is a leading global manufacturer, developer, and distributor of precision medical technology products and services. Nihon Kohden exists to empower clinicians with continuous data and intelligent devices that accompany patients in their medical journey. Nihon Kohden sets a high bar in the healthcare industry in terms of medical innovation, and it balances that high bar by encouraging strong workplace culture.

12. Arnold began his employment with Nihon Kohden in or about April 2010 as an Account Executive. In this role, Nihon Kohden required Arnold to manage and service various accounts, with the goal of maintaining existing business and fostering future growth. Nihon Kohden promoted Arnold to the Senior Account Executive role in or about 2017, and Arnold held this role until his termination. During his employment with Nihon Kohden, Arnold performed his work remotely from his home office located in Mooresville, North Carolina.

13. Throughout his employment with Nihon Kohden, Arnold met or exceeded Nihon Kohden's legitimate employment expectations as shown by positive performance evaluations, no disciplinary actions, and receipt of several performance-based award, including the President Club Award, which is the highest award Nihon Kohden issues to Senior Account Executives.

### Arnold's Compensation Plan

14. Nihon Kohden presented Arnold with an incentive plan each year that was effective April 1 through March 31 of the following year. In or about late March 2023, Nihon Kohden presented Arnold with the FY24 Sales Incentive Plan (the "Plan"). A copy of the Plan is attached to this Complaint as Exhibit 1.

15. Pursuant to the FY24 Sales Incentive Plan, Arnold received a "Base Salary and incentives for achieving [his] sales quota, paid per the Plan as Variable Incentive (Commission) and Quota Attainment Bonus."

16. The Plan describes the "Variable Incentive (Commission)" as a Commission earned based on percentage of Quota Attainment. The Plan establishes that "Commission is earned from Sales Activities that lead to approved Order from customers in the assigned Territory." The Plan establishes that "Commission is calculated on the total Order amount, less any exclusions or adjustments, in accordance with the Plan. The Commission percentage is calculated using the Commission rates/Tiers applicable at the time the Order was booked. Quota is achieved from first dollar sales that are eligible per the Plan."

17. The Plan further provides, "Commission payments are paid monthly generally within 30 days from the end of the month. Only approved Orders are eligible for Commission payments. A Commission payment for **an Order is paid at the Participant's Commission rate at the time the Order is booked**." (Emphasis in original).

18. The Plan establishes that "Participant earns Commission based on the Order stage. There are three Order stages: Forty percent (40%) of total Commission is earned upon Order booking, forty percent (40%) is earned upon shipment, and twenty percent (20%) is earned after collection of the full balance from the customer."

19. The Plan establishes that "In any event of a job change, or separation from employment with [Nihon Kohden] – either voluntary or involuntary – eligibility for earnings under the Plan ceases upon date of separation. This includes Commissions connected to future Order stages, e.g. shipments and/or final customer payments. Participant will only receive Commissions and payable under the Plan through the date of separation, with payments made in accordance with

normal payment schedules under the Plan. Any Commissions already paid for Orders subsequently cancelled may be clawed back or recovered through other means as allowed by law."

**Nihon Kohden Terminates Arnold's Employment**

20.     In or about mid-April 2023, Michael Manning ("Manning") was promoted to the Regional Vice President role and became Arnold's direct supervisor. About a month after becoming Arnold's direct supervisor, Manning questioned Arnold about his retirement plans and asked Arnold to give him a "head's up when you are going to retire."

21.     On or about January 31, 2024, Manning repeated his request that Arnold give him notice of when he planned to retire. Arnold responded by telling Manning he planned to continue working because he had several large commissions that would be paid to him around June 2024. Arnold told Manning that he would retire after he received his earned commissions, but no specific retirement date was discussed or established. Manning thanked Arnold for sharing this information. Manning then informed Arnold that Nihon Kohden would be replacing him with Elizabeth Borrow ("Borrow"), a thirty-five (35) year-old female. Manning instructed Arnold to begin training Borrow for the role until Arnold retired. At the time of this conversation, Arnold was sixty-eight (68) years old.

22.     However, less than one month later, on February 23, 2024, Manning and Michael Cowulich ("Cowulich"), Nihon Kohden's Vice President of Sales, telephoned Arnold. Cowulich informed Arnold that Nihon Kohden was making Arnold retire and his retirement date was effective March 31, 2024. Cowulich informed Arnold that his salary, benefits, and earned commissions would end on March 31, 2024 and that he was ineligible to earn any commissions after that date.

23. On March 22, 2024, Arnold informed Nihon Kohden that he intended to file a Charge of Discrimination alleging discrimination based on his age. Arnold also informed Nihon Kohden that he intended to file a lawsuit regarding Nihon Kohden's wrongful discharge in violation of public policy by terminating his employment so Nihon Kohden did not have to pay him his earned commissions.

24. On April 1, 2024, Nihon Kohden put Arnold on unpaid administrative leave.

25. On May 31, 2024, Nihon Kohden removed Arnold from unpaid administrative leave, forced him to "retire," and terminated his employment.

26. Nihon Kohden caused Arnold to forfeit $90,804.55 in commissions he would have otherwise earned and received, but for Nihon Kohden's unlawful conduct.

**FIRST CAUSE OF ACTION**
**(Violation of ADEA – Discrimination)**

27. Arnold realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

28. Arnold was subjected to unlawful discrimination by Nihon Kohden in violation of the ADEA when it terminated his employment because of his age by forcing him to "retire."

29. Nihon Kohden's actions were intentional, willful, and/or undertaken in reckless disregard of Arnold's rights as protected by the ADEA.

30. Nihon Kohden's violation of ADEA was intentional, willful, and/or undertaken in reckless disregard for Arnold's rights under ADEA.

31. As a proximate and foreseeable result of Nihon Kohden's retaliatory conduct, Arnold has suffered lost back and future wages, benefits, expenses, and other damages which he seeks from Nihon Kohden.

32. As a proximate and foreseeable result of Nihon Kohden's retaliatory conduct, Arnold has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief from Nihon Kohden.

## SECOND CAUSE OF ACTION
### (Wrongful Discharge in Violation of Public Policy on the Basis of Age)

33. Arnold realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

34. The public policy of the State of North Carolina as set forth in N.C. Gen. Stat. § 143-422.1, North Carolina's Equal Employment Practices Act ("NCEEPA"), prohibits employers from discriminating against employees on the basis of their age. At the time of his termination, Arnold was 68 years old and is therefore a member of a protected class. This is specifically established in N.C. Gen. Stat. § 143-422.2.

35. Nihon Kohden violated the public policy of North Carolina as set forth in N.C. Gen. Stat. § 143-422.1 (NCEEPA) by terminating Arnold, a member of the protected class, on the basis of his age.

36. As a proximate and foreseeable result of Nihon Kohden's conduct, Arnold has suffered lost back and future wages and benefits, expenses, and other damages, which he seeks from Nihon Kohden.

37. Nihon Kohden's actions were done maliciously, willfully, or wantonly or in a manner that demonstrates a reckless disregard for Arnold's rights. As a result of Nihon Kohden's conduct, Arnold is entitled to recover punitive damages.

## THIRD CAUSE OF ACTION
**(Wrongful Discharge in Violation of Public Policy)**

38. Arnold realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39. Nihon Kohden terminated Arnold's employment at the end of the Plan's effective date to avoid paying Arnold commissions which he had earned and contractually entitled to, in violation of the public policy of North Carolina as set out in North Carolina's Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*

40. Under the NCWHA, Nihon Kohden is an "employer" pursuant to § 95-25.2(5).

41. Under the NCWHA, Arnold was an "employee" of Nihon Kohden pursuant to ¶ 95-25.2(4).

42. The commissions Arnold earned were "wages" pursuant to § 95-25.2(16).

43. Nihon Kohden terminated Arnold's employment without cause or justification just months before the entirety of his earned commission should have been paid solely to avoid its obligation to pay the commissions.

44. Terminating Arnold to deny an employee a promised and earned wage is contrary to the public policy of North Carolina as set out in the NCWHA, and therefore, constitutes wrongful discharge.

45. As a result of his wrongful discharge, Plaintiff has suffered loss of employment, income and benefits, lost the earned and owed commissions, and incurred out of pocket expenses to which he is owed actual and compensatory damages.

46. Nihon Kohden's actions were taken in willful, wanton, and/or reckless disregard of Arnold's clearly established rights and knew or should have known that terminating Arnold to avoid paying earned and owed commissions violated the NCWHA. Such actions are contrary to

the public policy of North Carolina and warrant exemplary or punitive damages to the extent allowed by Chapter 1D of the North Carolina General Statutes.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

47. Arnold realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

48. The Plan governed the terms and conditions for Nihon Kohden's contractual agreement to pay Arnold his commissions which he secured during the period April 1, 2023 through March 31, 2024.

49. Arnold performed all requirements to earn the full amount of commissions under the Plan.

50. Nihon Kohden breached its contractual obligations by failing to pay Arnold all earned commissions pursuant to the Plan following the termination of Arnold's employment.

51. Arnold incurred damages because of Nihon Kohden's breach of contract.

## FIFTH CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

52. Arnold realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

53. A contract in North Carolina carries with it an implied covenant by the parties to act fairly and in good faith in carrying out the agreement.

54. Nihon Kohden and Arnold had a valid and enforceable contract for the payment of commissions under the Plan which Arnold secured during the period of April 1, 2023 through March 31, 2024.

55. Nihon Kohden breached its duty of good faith and fair dealing owed to Arnold when it forced Arnold to retire for the purpose of not paying Arnold commissions he earned during the period of April 1, 2023 through March 31, 2024.

56. Arnold incurred damages because of Nihon Kohden's breach of the duty of good faith and fair dealing.

## **PRAYER FOR RELIEF**

WHEREFORE, Arnold demands the following relief:

a) Order Nihon Kohden to pay Arnold back pay from the time of his termination until final judgment in this matter;

b) Order Nihon Kohden to reinstate Arnold or award him pay front pay and benefits in lieu of reinstatement;

c) Order Nihon Kohden to pay to Arnold compensatory damages;

d) Order Nihon Kohden to pay to Arnold punitive damages;

e) Order Nihon Kohden to pay to Arnold all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

f) Order Nihon Kohden to pay to Arnold pre- and post-judgment interest on all sums recoverable; and

g) Order Nihon Kohden to provide Arnold with all other legal and/or equitable relief to which he is entitled.

## **JURY TRIAL DEMAND**

Arnold demands a trial by jury for all issues of fact.

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone:(704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This hereby certifies that undersigned counsel filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the foregoing document upon all counsel of record.

/s/ Corey M. Stanton
Corey M. Stanton